Kenneth J. Abere, Jr., OSB No. 942345
kabere@cosgravelaw.com
Nicole M. Nowlin, OSB No. 051316
nnowlin@cosgravelaw.com
Shayna M. Rogers, OSB No. 134698
srogers@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:    (503) 323-9000
Facsimile:     (503) 323-9019

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALUMICRAFT LLC, a California limited liability company; ALUMICRAFT LLC, a Wyoming limited liability company; ALUMI CRAFT INC., a California corporation; ARTISAN AND TRUCKERS CASUALTY CO.; GRANT YOAKUM as Personal Representative of the ESTATE OF BRIAN KUHNHENN; JACQUELINE M. SCHEID as Personal Representative of the ESTATE OF JERRY DOUGLAS SCHEID; and DOES 1-5,<br><br>Defendants. | Case No.<br><br>**COMPLAINT – DECLARATORY JUDGMENT**<br><br>*Jury Trial Demanded* |

Plaintiff, State Farm Fire and Casualty Company ("State Farm"), by and through its undersigned counsel, alleges as follows:

Page 1 – **COMPLAINT – DECLARATORY JUDGMENT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

## JURISDICTION

1.

The amounts in controversy are the sum of $500,000.00, representing the per-accident policy limit for personal liability coverage under the Recreational Vehicle Policy in dispute issued by State Farm (Policy No. 406 4197-E02-37) (the "RV Policy"), and $2,000,000.00, representing the policy limit for personal liability coverage under the Personal Liability Umbrella Policy issued by State Farm (Policy No. 37-BE-U362-3) (the "PLUP") (collectively, the "Policies"). There is complete diversity between State Farm and defendants. This is an action of a civil nature with a request for declaratory relief, and this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

## VENUE AND DIVISIONAL VENUE

2.

Pursuant to 28 U.S.C. § 1391 and LR 3-2, venue is appropriate in this Court because the motor vehicle accident giving rise to this controversy occurred in Winchester Bay, Douglas County, Oregon.

## PARTIES

3.

State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois. State Farm is an insurance company authorized to conduct business and issue insurance policies in the State of Oregon. State Farm Mutual Automobile Insurance Company is the parent company of State Farm Fire and Casualty Company.

4.

Defendant Alumicraft, LLC is a limited liability company duly organized and existing under the laws of the State of California, with its principal place of business in the State of California, and doing business in the State of Oregon ("Alumicraft California"). At all relevant times, Alumicraft California was engaged in the manufacture, sale, and distribution of

Page 2 – **COMPLAINT – DECLARATORY JUDGMENT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

recreational vehicles and related equipment. On information and belief, Alumicraft California conducts regular, sustained business activity in and/or maintains an office for the conduct of business in Oregon.

5.

Defendant Alumicraft LLC is a limited liability company duly organized and existing under the laws of the State of Wyoming, with its principal place of business in the State of Wyoming, and doing business in the State of Oregon ("Alumicraft Wyoming"). At all relevant times, Alumicraft Wyoming was engaged in the manufacture, sale, and distribution of recreational vehicles and related equipment. On information and belief, Alumicraft Wyoming conducts regular, sustained business activity in and/or maintains an office for the conduct of business in Oregon.

6.

Defendant Alumi Craft, Inc. is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the State of California, and doing business in the State of Oregon. At all relevant times, Alumi Craft, Inc. was engaged in the manufacture, sale, and distribution of recreational vehicles and related equipment. On information and belief, Alumi Craft, Inc. conducts regular, sustained business activity in and/or maintains an office for the conduct of business in Oregon.

7.

Defendant Artisan and Truckers Casualty Company ("Artisan") is an insurance company duly organized and existing under the laws of the State of Wisconsin, with its principal place of business in the State of Ohio, and doing business in the State of Oregon. On information and belief, Artisan is licensed to do business in Oregon and conducts regular, sustained business activity in and/or maintains an office for the conduct of business in Oregon.

Page 3 – **COMPLAINT – DECLARATORY JUDGMENT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

8.

Defendant Grant Yoakum is an individual. He is also the duly appointed personal representative of the Estate of Brian Kuhnhenn ("Estate of Kuhnhenn"), pursuant to a limited judgment entered by the Lane County Circuit Court on April 19, 2022. On information and belief, defendant Yoakum is a resident of and domiciled in Oregon.

9.

Defendant Jacqueline M. Scheid is an individual. She is also the duly appointed personal representative of the Estate of Jerry Scheid ("Estate of Scheid"), pursuant to a limited judgment entered by the Jackson County Circuit Court on November 10, 2022. On information and belief, defendant Scheid is a resident of and domiciled in Oregon.

10.

Defendant Doe 1 is, as alleged in the underlying *Estate of Yoakum v. Alumicraft, LLC et al.* (Multnomah County Circuit Court Case No. 22CV41742) (the "Oregon Lawsuit"), the unidentified person who sold the Alumicraft Sportsman Light Sand Rail, VIN JS1021AC (the "Vehicle") to decedent Jerry Scheid.

11.

Defendant Does 2-5 are, as alleged in the Oregon Lawsuit, the unidentified companies involved in the manufacture and/or distribution of the Vehicle or parts thereof.

## STATEMENT OF FACTS

12.

Sometime in early 2021, decedent Scheid ordered the Vehicle from Alumi Craft, Inc.

13.

On or around May 21, 2021, Alumi Craft, Inc. sold its assets while decedent Scheid's order was pending.

Page 4 – **COMPLAINT – DECLARATORY JUDGMENT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

14.

The asset purchase agreement, dated May 21, 2021, identifies the buyer of the assets as Alumicraft LLC, "a Wyoming limited liability company." In the underlying *Alumicraft, LLC v. Alumi Craft, Inc.* (California Superior Court, San Diego Superior Court Case No. 37-2022-00019279-CU-BC-CTL) (the "California Lawsuit"), Alumicraft California alleges that the assets were actually intended to be purchased by and/or were later transferred to Alumicraft California.

15.

On or around November 10, 2021, decedent Scheid purchased the completed Vehicle.

16.

In connection with that purchase, decedent Scheid signed an agreement titled "ASSUMPTION OF RISK, RELEASE OF LIABILITY, AND INDEMNITY" (the "Release Agreement"), a true and correct copy of which is attached as *Exhibit A*. The Release Agreement identifies the seller as "Alumicraft, LLC" and identifies the seller's place of business as Santee, California.

17.

The Release Agreement provides in paragraph 5.1 that the buyer of the Vehicle "agrees to waive, release, discharge, and hold harmless" the seller of the Vehicle from

> "any and all Liabilities and any and all Claims arising out of, or in any way relating to, the design, manufacture, assembly, preparation, repair, maintenance, purchase, use and/or operation of the Vehicle, including, without limitation, whether direct or indirect, asserted or unasserted, and known or unknown, whether or not caused by the negligence of Seller's Parties or any breach of any obligation or duty of Seller's Parties, either in part or in whole, whether based on contract, tort, or otherwise (excepting only as held by a court of competent jurisdiction to be caused by the gross negligence or Seller's Parties, or the willful or intentional misconduct of Seller's Parties, or criminal conduct), to the fullest extent allowed under law."

Page 5 – **COMPLAINT – DECLARATORY JUDGMENT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

18.

The Release Agreement provides in paragraph 6.1 that the buyer of the Vehicle will not "sue, make any claim against, or pursue any legal action against Seller's Parties, or any of Seller's Parties, in any way arising out of or relating to the design, manufacture, assembly, preparation, repair, maintenance, purchase, use and/or operation of the vehicle."

19.

The Release Agreement provides in paragraph 6.2 that the buyer of the Vehicle will

"indemnify, defend and hold harmless each and all Seller's Parties for any Liability or Claim whatsoever that might be asserted against Seller's Parties, or any of Seller's Parties, whether such Claim is third-party or first-party, in any way arising out of or relating to the design, manufacture, assembly, preparation, repair, maintenance, purchase, use and/or operation of the Vehicle, to the fullest extent permissible under the law."

20.

Finally, the Release Agreement provides in paragraph 6.4 that it "shall be governed by, and construed in accordance with, the laws of the State of California," and that any disputes must be brought in San Diego County, California.

21.

At all relevant times, the Vehicle was insured under the RV Policy. A true and correct copy of the RV Policy and endorsements is attached as *Exhibit B*.

22.

At all relevant times, decedent Scheid was insured under the PLUP. A true and correct copy of the PLUP and endorsements is attached as *Exhibit C*.

23.

On or around December 17, 2021, decedent Scheid was driving the Vehicle in the Oregon Dunes National Recreation Area in Winchester Bay, Douglas County, Oregon. Decedent Kuhnhenn was a passenger in the Vehicle. Suddenly, the Vehicle hit a "witch's eye" – a hole in the sand – which caused the Vehicle to flip over and land on its top. Both decedents were killed.

Page 6 – **COMPLAINT – DECLARATORY JUDGMENT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

24.

On or around May 20, 2022, Alumicraft California filed the California Lawsuit referred to in paragraph 14 of this Complaint. A true and correct copy of the Third Amended Complaint (the "TAC") is attached as *Exhibit D*. The TAC alleges various claims against Alumi Craft, Inc. and Does 1-20 arising out of the asset purchase agreement, including claims for indemnity and declaratory judgment in connection with the subject motor-vehicle accident on December 17, 2021. Alumi Craft, Inc. filed a cross complaint against various defendants, including both Alumicraft California and Alumicraft Wyoming.

25.

On or around December 7, 2022, the Estate of Kuhnhenn filed the Oregon Lawsuit referred to in paragraph 10 of this Complaint. A true and correct copy of the Second Amended Complaint (the "SAC") is attached as *Exhibit E*. The SAC alleges claims against defendants Alumicraft California, Alumi Craft, Inc., Artisan, the Estate of Scheid, and Does 1-5, as well as against State Farm.

26.

With respect to Alumicraft California and Alumi Craft, Inc., the SAC alleges that those defendants are liable to the Estate of Kuhnhenn on a products liability theory because the Vehicle was unreasonably dangerous and defective.

27.

With respect to the Estate of Scheid, the SAC alleges that it is liable to the Estate of Kuhnhenn for decedent Scheid's negligent operation of the Vehicle. In response, the Estate of Scheid filed a crossclaim for contribution against Alumicraft California.

28.

On or around August 10, 2023, Alumicraft California and/or Alumicraft Wyoming tendered the defense of the Oregon Lawsuit to the Estate of Scheid. That tender, a true and correct copy of which is attached as *Exhibit F*, was based on the Release Agreement. Alumicraft

Page 7 – **COMPLAINT – DECLARATORY JUDGMENT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

California and/or Alumicraft Wyoming also demanded that the Estate of Scheid immediately dismiss its crossclaim.

29.

On or around August 15, 2023, Alumi Craft, Inc. tendered the defense of the Oregon Lawsuit to the Estate of Scheid. That tender, a true and correct copy of which is attached as *Exhibit G*, was based on the Release Agreement. In addition, Alumi Craft, Inc. reiterated the demand that the Estate of Scheid immediately dismiss its crossclaim.

30.

On or around August 25, 2023, Alumi Craft, Inc. also tendered the defense of the California Lawsuit and/or certain claims to the Estate of Scheid. That tender, a true and correct copy of which is attached as *Exhibit H*, was based on the Release Agreement.

31.

On November 16, 2023, on behalf of the Estate of Scheid, State Farm rejected all three tenders. State Farm's position was based on its determinations that (1) the Release Agreement is unenforceable under Oregon law, (2) the RV Policy expressly excludes contracted-for liabilities, and (3) neither Alumicraft California (and/or Alumicraft Wyoming) nor Alumi Craft, Inc. is a covered party under the RV Policy.

## RELEVANT INSURANCE POLICY PROVISIONS

32.

State Farm's obligation to pay under the RV Policy is set forth on pages 10 and 34 of *Exhibit B* and reads, in relevant part, as follows:

> **Insuring Agreement**
>
> 1. ***We*** will pay damages an ***insured*** becomes legally liable to pay because of:
>
>     a. ***bodily injury*** to others; and

Page 8 – **COMPLAINT – DECLARATORY JUDGMENT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

      b.   damage to property

         caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy."

33.

The RV Policy defines the term "***Insured***," on pages 10 and 32 of *Exhibit B*, as follows:

   "***Insured*** means:

   1.   *you* and *resident relatives* for

      a.   the ownership, maintenance, or use of:

         (1) *your recreational vehicle;*

         (2) a *newly acquired recreational vehicle;* or

         (3) a *trailer;* and

      b.   the maintenance or use of a *non-owned recreational vehicle*;

   2.   the first *person* shown as a named insured on the Declarations Page and that named insured's *spouse* who resides primarily with that named insured for the maintenance or use of a *recreational vehicle* of the same type as *your recreational vehicle* that is *owned by*, or furnished by an employer to, a *person* who resides primarily in *your* household, but only if such *recreational vehicle* is neither *owned by*, nor furnished by an employer to, the first *person* shown as a named insured on the Declarations Page or that *person's spouse;*

   3.   any other *person* for his or her use of:

      a.   *your recreational vehicle;*

      b.   a *newly acquired recreational vehicle;*

      c.   a *trailer* while attached to a *recreational vehicle* described in a. or b. above.

   Such vehicle must be used within the scope of *your* consent; and

Page 9 – **COMPLAINT – DECLARATORY JUDGMENT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

      [4.    \* \* \* any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3., above, but only for such vicarious liability. This provision applies only if the vehicle is:

        a.    neither *owned by*, nor hired by, that other *person* or organization; and

        b.    neither available for, nor being used for, carrying *persons* for a charge.]

    *Insured* does not include the United States of America or any of its agents."

34.

The RV Policy defines the term "*You*" or "*Your*," on page 9 of *Exhibit B*, as "the named insured or named insureds shown on the Declarations page and includes the *spouse* of the first *person* listed as a named insured if the *spouse* resides primarily with the named insured."

35.

The RV Policy defines the term "*person*," on page 9 of *Exhibit B*, as "a human being."

36.

The RV Policy also contains the following exclusion, on pages 11-12 of *Exhibit B* (the "RV Contract Liability Exclusion"), which states as follows:

    "THERE IS NO COVERAGE FOR AN *INSURED:*

    \* \* \* \* \*

    11.    FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT[.]"

37.

State Farm's obligation to pay under the PLUP is set forth on page 13 of *Exhibit C* and reads as follows:

    "If a claim is made or suit is brought against an **insured** for damages because of a **loss** for which the **insured** is legally liable and to which this policy applies, **we** will pay on behalf of the **insured,** the damages that exceed the **retained limit**."

Page 10 – **COMPLAINT – DECLARATORY JUDGMENT**

38.

The PLUP also contains the following exclusion, on pages 14-16 of *Exhibit C* (the "PLUP Contract Liability Exclusion"), which states as follows:

"There is no coverage under this policy for any:

\* \* \* \* \*

19.  Liability imposed on or assumed by an **insured** through any unwritten or written agreement[.]"

## CLAIM FOR DECLARATORY RELIEF

39.

State Farm reincorporates and realleges all matters stated above in paragraphs 1-38.

40.

Because Oregon law governs this transaction and because the Release Agreement is unenforceable under Oregon law, neither the Estate of Scheid nor State Farm have any duty to defend or any other obligations with respect to Alumicraft California, Alumicraft Wyoming, and/or Alumi Craft, Inc. arising from the subject motor-vehicle accident on December 17, 2021.

41.

Even if the Release Agreement is enforceable, there is no coverage under the Policies for Alumicraft California, Alumicraft Wyoming, and/or Alumi Craft, Inc. based on the RV Contract Liability Exclusion and the PLUP Contract Liability Exclusion set forth in paragraphs 36 and 38 above.

42.

Even if the Release Agreement is enforceable and even if the RV Contract Liability Exclusion and/or PLUP Contract Liability Exclusion do not apply, there is no coverage under the Policies for Alumicraft California, Alumicraft Wyoming, and/or Alumi Craft, Inc. because none of those entities is a covered party.

Page 11 – **COMPLAINT – DECLARATORY JUDGMENT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

43.

An actual controversy has arisen and now exists between the parties concerning whether the Release Agreement is enforceable and, if so, whether there is coverage under the Policies.

44.

State Farm seeks a judgment declaring that State Farm has no obligation to provide personal liability coverage under the Policies to Alumicraft California, Alumicraft Wyoming, and/or Alumi Craft, Inc. arising from the subject motor-vehicle accident on December 17, 2021 on the following bases:

a. Oregon law governs this transaction, notwithstanding the choice-of-law provision in the Release Agreement;

b. The Release Agreement is unenforceable under Oregon law, whether by virtue of *Bagley v. Mt. Bachelor, Inc.*, 356 Or 543, 340 P3d 27 (2014) or otherwise; and

c. Even if the Release Agreement is enforceable, there is no coverage under the Policies because

   i. Coverage is excluded under the RV Contract Liability Exclusion and the PLUP Contract Liability Exclusion; and

   ii. Alumicraft California, Alumicraft Wyoming, and/or Alumi Craft, Inc. are not covered parties.

45.

This Court has authority to issue the requested relief pursuant to 28 U.S.C. 2201(a).

**WHEREFORE**, State Farm prays for judgment in its favor against Alumicraft California, Alumicraft Wyoming, and Alumi Craft Inc. as follows:

1. Granting judgment in State Farm's favor on its claim for declaratory relief, declaring that (a) Oregon law governs this transaction; (b) the Release Agreement is unenforceable under Oregon law; and (c) even if the Release Agreement is

Page 12 – **COMPLAINT – DECLARATORY JUDGMENT**

enforceable, there is no coverage under the Policies for Alumicraft California, Alumicraft Wyoming, and/or Alumi Craft Inc. on the basis of the RV Contract Liability Exclusion and the PLUP Contract Liability Exclusion and the fact that no entity is a covered party; and

2. For its reasonable costs and disbursements.

## JURY DEMAND

COMES NOW plaintiff, STATE FARM FIRE AND CASUALTY COMPANY, by and through its attorneys, and hereby demands trial by jury on all issues so triable.

DATED: May 3, 2024.

COSGRAVE VERGEER KESTER LLP

*s/ Shayna M. Rogers*

Kenneth J. Abere, Jr., OSB No. 942345
kabere@cosgravelaw.com
Nicole M. Nowlin, OSB No. 051316
nnowlin@cosgravelaw.com
Shayna M. Rogers, OSB No. 134698
srogers@cosgravelaw.com
Telephone: 503-323-9000
Facsimile: 503-323-9019
Attorneys for Plaintiff

Page 13 – **COMPLAINT – DECLARATORY JUDGMENT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019