IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | Case No. 6:24-cv-00751-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| ALUMICRAFT LLC, a California limited liability company; ALUMICRAFT LLC, a Wyoming limited liability company; ALUMI CRAFT INC., a California corporation; ARTISAN AND TRUCKERS CASUALTY CO.; GRANT YOAKUM as Personal Representative of the ESTATE OF BRIAN KUHNHENN; JACQUELINE M. SCHEID as Personal Representative of the ESTATE OF JERRY DOUGLAS SCHEID; and DOES 1-5, | |
| Defendants. | |

MCSHANE, Judge:

This case arises out of the tragic crash of an off-road sand vehicle made by Defendant Alumi Craft, Inc. ("ACI") that killed both the driver, Jerry Scheid, and his passenger, Brian Kuhnhenn. When Mr. Scheid purchased the car from ACI, he executed a release and indemnity agreement that implicated his insurance company, Plaintiff State Farm Fire and Casualty Company. State Farm now brings this claim for declaratory relief, asking the Court to hold that the release agreement is unenforceable or that Mr. Scheid's insurance policies provide no coverage

1 – Opinion & Order

in this case. Defendant ACI moves to dismiss for lack of personal jurisdiction. Because Plaintiff has failed to establish personal jurisdiction, Defendant's Motion to Dismiss, ECF No. 41, is GRANTED.

## **BACKGROUND**

In November of 2020, Jerry Scheid ordered an off-road vehicle called the Alumi Craft Sportsman 2 Sandcar ("the Vehicle") from Defendant ACI. Decl. John W. Cooley Supp. Mot. Dismiss 2, ECF No. 42 ("Cooley Decl."). ACI is a California corporation operating solely in California. *Id.* Mr. Scheid was a resident of Oregon and placed the order by phone. *Id.*; Decl. Jacqueline M. Scheid Supp. Pl.'s Mot. Summ. J. 2, ECF No. 25. The Vehicle took about a year to build, and Mr. Scheid took possession of the Vehicle in November 2021 at Alumicraft, LLC's[1] office in Santee, California and brought it home to Oregon. Decl. Graham M. Sweitzer Supp. Mot. Dismiss ("Sweitzer Decl."), Ex. 14, at 3, ECF No. 43-1.

When Mr. Scheid received the Vehicle, he signed an "ASSUMPTION OF RISK, RELEASE OF LIABILITY, AND INDEMNITY" agreement. Decl. Shayna M. Rogers Supp. Pl.'s Mot. Summ. J. ("Rogers Decl."), Ex. 6, ECF No. 24-6. By signing, Mr. Scheid purportedly "agree[d] to waive, release, discharge," and "indemnify, defend, and hold harmless" Alumicraft LLC for claims "arising out of or relating to the design, manufacture, assembly, preparation, repair, maintenance, purchase, use and/or operation of the Vehicle[.]" *Id.* at 2–3.

Mr. Scheid had two insurance policies with Plaintiff State Farm at that time. *Id.* at Ex. 1–2, ECF Nos. 24-1, 24-2. One of those policies provided that State Farm "will pay damages an insured becomes legally liable to pay because of[] bodily injury to others," except "for liability

---

[1] ACI sold its assets to Alumicraft LLC in 2021. Cooley Decl. 4. Alumicraft LLC has since sought to hold ACI liable for the accident. Rogers Decl. Ex. 7, ECF No. 24-7. In this Opinion, Alumicraft LLC and ACI are referred to collectively as the "Alumicraft entities."

2 – Opinion & Order

assumed under any contract or agreement[.]" *Id.* at Ex. 1, at 8, 10. The other policy provided that State Farm "will pay on behalf of the insured" some "damages because of a loss for which the insured is legally liable," except for a "[l]iability imposed on or assumed . . . through any . . . written agreement[.]" *Id.* at Ex. 2, at 13, 16.

On or around December 17, 2021, Mr. Scheid was driving the Vehicle in the Oregon Dunes National Recreation Area in Winchester Bay, Oregon. Sweitzer Decl., Ex. 1, at 1. Brian Kuhnhenn was Mr. Scheid's passenger. *Id.* The Vehicle was traveling at a high speed when it suddenly hit a "witch's eye," or a hole in the sand, flipped over, and landed on its roof, killing both Mr. Scheid and Mr. Kuhnhenn. *Id.*

Since the accident, the parties have commenced several lawsuits against each other: Alumicraft LLC filed claims for indemnity and declaratory judgment against Defendant ACI in California state court; the Estate of Brian Kuhnhenn filed claims for damages against the Alumicraft entities, the Estate of Jerry Scheid, and State Farm in Oregon state court; the Estate of Jerry Scheid crossclaimed for contribution against Alumicraft LLC in Oregon; and the Alumicraft entities have asserted that they are entitled to coverage under Mr. Scheid's insurance policies. Rogers Decl. Exs. 7–12, ECF Nos. 24-7, 24-8, 24-9, 24-10, 24-11, 24-12.

In this action, Plaintiff State Farm seeks a declaratory judgment that the release agreement between Mr. Scheid and the Alumicraft entities is unenforceable, and that there is no coverage for the accident under Mr. Scheid's insurance policies. First Am. Compl. 11–13, ECF No. 70. Defendant ACI moves to dismiss for lack of personal jurisdiction, arguing that ACI has no substantial connection to Oregon.

**LEGAL STANDARD**

A motion to dismiss for lack of personal jurisdiction arises under Fed. R. Civ. P. 12(b)(2). "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Before discovery and in the absence of an evidentiary hearing, as here, the plaintiff need only make 'a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Burri L. PA v. Skurla*, 35 F.4th 1207, 1213 (9th Cir. 2022). The plaintiff cannot "simply rest on the bare allegations of its complaint." *Schwarzenegger*, 374 F.3d at 800. However, any uncontroverted allegations are taken as true and conflicts over statements contained in affidavits are resolved in the plaintiff's favor. *Id.*

**DISCUSSION**

Due process[2] requires a non-resident defendant to have sufficient "minimum contacts" with the forum state, such that the exercise of personal jurisdiction would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations and quotation marks omitted). Minimum contacts may be established through a showing of either general or specific jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Here, State Farm argues that the Court has specific personal jurisdiction over ACI.

The "essential foundation" of specific jurisdiction is a "strong relationship among the defendant, the forum, and the litigation." *Ford Motor Co. v. Mont. Eighth Jud. Dist.*, 592 U.S. 351, 365 (2021) (citations and quotation marks omitted). "Specifically, 'the defendant's suit-related conduct must create a substantial connection with the forum State.'" *Axiom Foods, Inc. v.*

---

[2] "An exercise of personal jurisdiction in federal court must comport with both the applicable state's long-arm statute and the federal Due Process Clause." *Burri L. PA v. Skurla*, 35 F.4th 1207, 1212 (9th Cir. 2022). Because Oregon authorizes personal jurisdiction to the extent permitted by the Due Process Clause of the U.S. Constitution, the two requirements collapse into one. *See* Or. R. Civ. P. 4L.

4 – Opinion & Order

*Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

The following three-part test determines whether a defendant has sufficient contacts with the forum state to be subject to specific jurisdiction:

> (1) The non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must arise out of or relate to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1161–62 (9th Cir. 2023). The plaintiff bears the burden of establishing the first two prongs, then the defendant must "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

Under the first prong, Plaintiff State Farm has the burden of establishing that ACI "performed some act or consummated some transaction within the forum or otherwise purposefully availed [itself] of the privileges of conducting activities in the forum." *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (citation and quotation marks omitted). This prong may be satisfied by showing either purposeful availment or purposeful direction. *Davis*, 71 F.4th at 1162 ("[W]hen considering specific jurisdiction, courts should comprehensively evaluate the extent of the defendant's contacts with the forum state and those contacts' relationship to the plaintiffs' claims—which may mean looking at both purposeful availment and purposeful direction.").

Plaintiff has failed to establish that ACI has the requisite contacts with Oregon necessary to establish jurisdiction. It is clearly established that "a consumer's unilateral act of bringing the

defendant's product into the forum State [is not] a constitutional basis for personal jurisdiction over the defendant." *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 109 (1987) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)). Further, "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Id.* at 112. From those principles, it follows that "the lone transaction for the sale of one item does not" equate to purposeful availment in the forum state. *See Boschetto*, 539 F.3d at 1017.

Here, there is zero evidence that ACI's "suit-related conduct . . . create[d] a substantial connection with [Oregon]." *Walden*, 571 U.S. at 284. Plaintiff State Farm's claim arises out of its desire to invalidate the contract Mr. Scheid executed with ACI in California. ACI operated solely in California: it was registered to conduct sales only in California, its shop and offices were located only in California, and its sales representatives engaged customers only in California. Cooley Decl. 2. ACI did not advertise outside of California, and it relied primarily on its website and word of mouth to market itself. *Id.*; Rogers Decl. Supp. Resp. Mot. Dismiss, Ex. 1, at 9, ECF No. 57-1. ACI's website was passive, so no orders could be placed online. Cooley Decl. 2. Consumers had to call the California shop to order a vehicle, as did Mr. Scheid. *Id.* Mr. Scheid traveled to California multiple times to discuss details of the Vehicle's build, took possession of the Vehicle in California, and then brought it to Oregon, where the accident occurred. *Id.* at 2–5; Sweitzer Decl. Ex. 14, at 3.

Plaintiff points to evidence that ACI advertised in two magazines at some point in time, but there is no evidence that those magazines ever reached Oregon or Mr. Scheid. Plaintiff also argues that ACI's decision to seek coverage under Mr. Scheid's insurance policy amounts to purposeful availment, but ACI is merely pursuing what it believes it is owed under the contract

that Alumicraft, LLC and Mr. Scheid executed in California, which again, did not arise out of any conduct by ACI in Oregon.

Because Plaintiff has failed to show that ACI "performed some type of affirmative conduct which allow[ed] or promote[d] the transaction of business within [Oregon]," the inquiry ends here. *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (citations and quotation marks omitted); *Boschetto*, 539 F.3d at 1016. This Court lacks personal jurisdiction over Defendant ACI, so Plaintiff's claims are DISMISSED.

## CONCLUSION

For the reasons stated above, Defendant Alumi Craft, Inc.'s Motion to Dismiss, ECF No. 41, is GRANTED. Plaintiff State Farm's Motion for Summary Judgment, ECF No. 23, is DENIED as moot.

IT IS SO ORDERED.

DATED this 20th day of June, 2025.

                                                                                           s/Michael J. McShane
                                                                                          Michael McShane
                                                                    United States District Judge